Jacob Hill was also indicted and tried at this term for breaking and entering in the night time the *Page 422 
warehouse of the said company at Harrington and stealing a box of tobacco containing forty pounds, of the value of sixteen dollars therefrom, of the goods and chattels of the said Philadelphia, Wilmington and Baltimore Railroad Company. To this there was a second count added in the indictment alleging the box of tobacco to be of the goods and chattels of one Ezekiel G. Fleming, and a verdict of guilty taken generally on the indictment, and a motion in arrest of judgment was made on that ground.
without hearing the attorney general, overruled the motion in arrest of judgment. Gilpin, C. J., remarking that this is an indictment against the prisoner for breaking and entering in the night-time a warehouse of the railroad company with intent to steal certain goods the subject to larceny therein, and the jury by the necessary import of their general verdict that he broke and entered it in the night-time with such a felonious intent, the offense was complete, and was sufficient to sustain the verdict and the judgment of the Court thereon without any further proof, or any further finding on their part. But it is a well settled rule of criminal pleading and practice that where there are one or more defective counts in an indictment, and there is a sufficient count on which the Court can pronounce sentence, and the verdict is *Page 423 
returned generally on the several counts, it will sustain the verdict and pronounce the sentence on the sufficient count. In this case both the parties named had a property in the goods, the railroad company a special property as the bailee of the goods for the time being, and Fleming the general property in them as the general owner of them, and their respective rights of property in them were entirely consistent with each other. *Page 424